[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15984
Non-Argument Calendar
_____

D. C. Docket No. 04-00040-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAM HARRIS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 1, 2005)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Sam Harris, Jr. appeals his conviction and 110-month sentence for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal,

Harris argues that the district court committed error in light of the Supreme Court's

decision in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621

(2005), when it enhanced his sentence based on judicially found facts under a

mandatory guidelines system. The government responds that Harris waived his

right to challenge his sentence if the sentencing guidelines were found to be

unconstitutional. Harris also claims that the statute under which he was convicted,

18 U.S.C. § 922(g), is unconstitutional.

We review the question of whether a defendant has waived his right to

appeal his sentence de novo. United States v. Benitez-Zapata, 131 F.3d 1444, 1446

(11th Cir. 1997). To be enforceable, an appeal waiver must show that the

defendant knows what his rights are and understands what he is giving up. United

States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). Absent such a showing in

the record, an appeal waiver is not valid as it is not knowing and voluntary. Id. at

1353.

In this case, Harris and the government both expressed an understanding at

the change of plea hearing that the sentence appeal waiver did not preclude Harris

from challenging a sentence if the guidelines were found unconstitutional. While

the written language of Harris's appeal waiver stated he waived the right to appeal

his sentence, "directly or collaterally, on any ground," we will not interpret that language to directly contradict the oral agreement expressed to the district court. Jeffries, 908 F.2d at 1523. To hold otherwise would force Harris into a plea agreement in which he did not understand which rights were given up. The record shows that Harris was told, and so understood, he had preserved his rights to appeal a sentence should the guidelines be unconstitutional. An appeal waiver that states a contrary conclusion is not enforceable. Allen, 151 F.3d 669. Consequently, Harris has not waived his right to appeal his sentence under Booker.

Harris next argues that the district court erred in light of the Supreme Court's decision in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when it enhanced his sentence based on judicially found facts under a mandatory guidelines system.

Harris timely made an objection under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in the district court. We thus review his Blakely/Booker claim on appeal de novo, but reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted). There are two harmless error standards; one is applicable to Booker constitutional errors, and the other to Booker statutory errors. United States v. Mathenia, 409 F.3d 1289, 1291(11th Cir. 2005).

"[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." Id. (citation omitted). In contrast, Booker statutory errors are subject to the less demanding non-constitutional error test. Id. at 1292. Under this test, a non-constitutional error is harmless if, when the proceedings are viewed in their entirety, "one can say 'with fair assurance ... that the [sentence] was not substantially swayed by the error.'" Id.(citations omitted).

With regard to Booker constitutional errors, an individual's Sixth Amendment right to trial by jury is violated where a judge enhances an individual's sentence based solely on judicially found facts pursuant to a mandatory guidelines system. Paz, 405 F.3d at 948. However, where a defendant admits the facts that enhance his sentence, there is no Sixth Amendment violation under Booker. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

In this case, Harris admitted all the facts that were used to factor his sentence enhancement. As a result, there is no Sixth Amendment violation. However, the district court erred in sentencing Harris under a mandatory guidelines system. Shelton, 400 F.3d at 1330-31. Accordingly, we must determine whether the government has met its burden to show that the court was not substantially swayed by the error. Mathenia, 409 F.3d at 1292. In this case, the government did not

address its burden and could not meet it in any case. A close review of the sentencing transcript shows that the record is ambiguous as to what sentence the district court would have imposed had it applied the guidelines in an advisory manner. Accordingly, because "[w]e simply do not know what the sentencing court would have done," the government cannot meet its burden to show that the error was harmless. United States v. Davis, 407 F.3d 1269, 1271. Accordingly, we vacate and remand Harris's sentence for resentencing consistent with Booker.

Finally, for the first time on appeal, Harris argues that his conviction should be overturned because the statute under which he was convicted, 18 U.S.C. § 922(g), is unconstitutional. Harris relies on United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004), to support his contention. Although we generally review constitutional issues de novo, it is within our discretion whether to address a constitutional issue when it has been raised for the first time on appeal. United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004), cert. denied, (125 S.Ct. 1751 (2005). When an issue is raised for the first time on appeal, this Court reviews the argument for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public

5

reputation of the judicial proceedings." Id. (citation omitted). There can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving an issue. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th. Cir. 2003).

We find that our decision in United States v. Wright, 392 F.3d 1269 (11th Cir. 2004), decided after Maxwell, controls this case. In Wright, the defendant challenged the constitutionality of § 922(g), asserting grounds very similar to those we decided in Maxwell. Id. at 1280. We stated that we had previously rejected the same argument and had consistently upheld § 922(g)'s constitutionality. Id. We also noted that we could not and would not overrule prior precedent, as only the Supreme Court or this Court sitting en banc could do so. Id. We therefore affirmed Wright's convictions. Id. at 1281. Considering the precedent that has consistently held that § 922(g) is constitutional, the district court did not commit plain error. Accordingly, Harris's conviction is affirmed.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**