[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13417
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20006-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO GARCIA,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 22, 2005)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Leonardo Garcia was indicted for importation of one kilogram or more of

heroin, in violation of 21 U.S.C. § 952, and possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841. The indictment specified that the amount of drugs involved was at least three kilograms of heroin. Garcia agreed to plead guilty to both offenses without a written plea agreement.

At the change-of-plea hearing, the government proffered the following evidence: Garcia arrived at Miami International Airport and was selected for secondary customs inspection where officials found just over 3 kilograms of 35 percent pure heroin in his shoes. He had agreed to import the drugs to protect his brother who was in debt to the drug dealers and because his family had been threatened. He identified the men involved in the importation scheme by their nicknames.

The probation officer prepared a presentence investigation report ("PSI") using the 2004 edition of the guidelines manual and assigning a base offense level of 34 given the amount of drugs. Garcia met the requirements for the safety-valve reduction under U.S.S.G. §§ 2D1.1(b)(7) and 5C1.2. that enabled him to avoid a mandatory minimum sentence imposed by statute. The probation officer also recommended a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. With a total offense level of 29 and a criminal history category I, Garcia's guidelines range was 87 to 108 months imprisonment.

Garcia filed a single objection to the PSI, arguing that he was entitled to a reduction for his minor role in the offense. In support of his request, Garcia cited his reasons for importing the drugs, the low purity level of the drugs, and the fact that he did not receive money in exchange for his actions.

At sentencing, the court initially was swayed by the low purity level of the drugs, but when the government reminded the court about the quantity involved, the court determined that a minor-role reduction was not appropriate. The court further explained that it was "nonsense" for Garcia to believe that the drug dealers would make this a one-time arrangement if the delivery was successful, and that there were no extraordinary circumstances that persuaded the court to reduce the sentence below the guidelines range. Considering the advisory guidelines range and the sentencing factors in 18 U.S.C. § 3553(a), the court sentenced Garcia to 87 months imprisonment.

Garcia now appeals, challenging (a) the denial of the minor-role reduction; (b) whether the application of Booker's[1] remedial holding to his sentences violate due process and the Ex Post Facto Clause; and (c) whether his sentences are reasonable.

I. Minor-Role Reduction

---

[1] United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

We review a district court's determination of a defendant's entitlement to a role reduction for clear error.[2] United States v. Rodriguez De Varon, 175 F.3d 930, 938 (11th Cir. 1999) (en banc). The defendant has the burden of establishing his role by a preponderance of the evidence. Id. at 939; see also United States v. Boyd, 291 F.3d 1274, 1277-78 (11th Cir. 2002). A two-level reduction for playing a minor role in the offense under U.S.S.G. § 3B1.2(b) is warranted if the defendant is less culpable than most other participants, but his role could not be described as minimal. U.S.S.G. § 3B1.2, comment. (n.3). Minor-role reductions are to be given infrequently. United States v. Costales, 5 F.3d 480, 486 (11th Cir. 1993). The district court's determination concerning a role reduction is premised on a case-by-case factual inquiry. U.S.S.G. § 3B1.2, comment. (backg'd).

In considering a possible role reduction, the district court first must assess whether a defendant is a minor participant in the relevant conduct attributed to him. De Varon, 175 F.3d at 941. If a defendant's relevant conduct is identical to his actual conduct, then he cannot establish that he was entitled to a minor-role reduction. Id. Second, the district court may assess a defendant's culpability as compared to other participants in the relevant conduct, but is limited to considering

---

[2] After Booker, the district court is still required to correctly calculate the guidelines range, and the same standards of review apply. See United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005); see also United States v. Talley, No. 05-11353, manuscript op. at 7-8 (11th Cir. Dec. 2, 2005).

4

only those participants who are identifiable by the evidence and who were involved in the relevant conduct for which the defendant was convicted. Id. It is possible that no one involved in the offense was a minor participant. Id.

Here, Garcia did not satisfy his burden of showing either that his relevant conduct warranted a reduction or that he was less culpable than other participants. Garcia was held accountable for the amount of drugs he possessed,[3] and he has not shown any evidence that would warrant a reduction. Any minor role in the larger drug-trafficking scheme is not relevant. De Varon, 175 F.3d at 944. Moreover, although Garcia identified other participants, he did not meet his burden of proving that these members were more culpable than he was.

Finally, Garcia's focus on the amended version of U.S.S.G. § 2D1.1(a)(3) is misplaced. Under that guideline section, a defendant's offense level shall not be more than thirty if the defendant receives a role reduction under § 3B1.2. Because Garcia was not entitled to a role reduction,§ 2D1.1(a)(3) would not limit his base offense level.

II. Ex Post Facto and Due Process

Garcia next asserts that, because he committed his offenses pre-Booker,

---

[3] Because Garcia did not object to the PSI's factual findings, those facts are deemed admitted. United States v. Burge, 407 F.3d 1183, 1191 (11th Cir.), cert. denied, 126 S.Ct. 551 (2005).

application of <u>Booker</u>'s remedial holding to his sentencing violates the Ex Post Facto Clause and due process.

When a defendant fails to object to an error before the district court, we review the argument for plain error. <u>United States v. Hall</u>, 314 F.3d 565, 566 (11th Cir. 2002); <u>see also</u> <u>United States v. Olano</u>, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." <u>Hall</u>, 314 F.3d at 566; <u>Olano</u>, 507 U.S. at 732.

Garcia's argument is foreclosed by this court's decision in <u>United States v. Duncan</u>, 400 F.3d 1297, 1306-07 (11th Cir.),<u>cert. denied</u>, 126 S.Ct. 432 (2005), holding that there are no ex post facto or due process concerns in the retroactive application of <u>Booker</u>'s remedial holding to a defendant's sentence.

III. Reasonableness

Finally, Garcia argues that his sentences were unreasonable under <u>Booker</u> because the court failed to give meaningful consideration to the sentencing factors in § 3553(a) and gave undue weight to the sentencing guidelines. He contends that the court should have given more consideration to the facts of his case, such as the

6

low purity level of the drugs, that he will be deported after release, and that he committed the offense only as a response to threats against his family.

After Booker, we review a defendant's sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Crawford,407F.3d 1174, 1179 (11th Cir. 2005). Garcia bears the burden of showing that his sentence was unreasonable. Talley, manuscript op. at 9.

Here, the sentence imposed was reasonable. First, the court imposed sentence at the bottom of the guidelines range. Second, the court considered Garcia's reasons for committing the offenses, but determined that the amount of drugs required a sentence within the guidelines range. In reaching this conclusion, the court considered the sentencing factors of § 3553(a).[4] Although the court did not state the weight given to each factor, it was not required to do so. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005).

Because the court considered the guidelines, the sentencing factors of § 3553(a), and the circumstances of the offense, we conclude that Garcia's

---

[4] These factors include the available sentences, the calculated guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a).

sentence was reasonable.  <u>Scott</u>, 426 F.3d at 1329-30.

Accordingly, for the foregoing reasons, we AFFIRM.