[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12627
Non-Argument Calendar

_____

D. C. Docket No. 04-00440-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT RAY ASHCROFT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 10, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Robert Ray Ashcroft appeals his 71-month sentence for being a felon in

possession of a firearm, 18 U.S.C. §§ 922(g)(1) & 924(a)(2), and for possessing and stealing stolen firearms shipped or transported through interstate and foreign commerce, 18 U.S.C. §§ 922(j) & 924(a)(2).  Ashcroft appeals his sentence as an unreasonable one. In response, the government contends that we lack jurisdiction to review Ashcroft's challenge to his sentence because such a review is not authorized by 18 U.S.C. § 3742(a) .  Ashcroft also appeals on the basis that 18 U.S.C. § 922(G) is an unconstitutional exercise of Congress's commerce power.

We have previously rejected the government's position with regard to jurisdiction.  See United States v. Martinez, No. 05-12706, 2006 WL 39541 (11th Cir. Jan. 09, 2006); see also United States v. Mickelson, No. 05-2324, 2006 WL 27687 (8th Cir. Jan. 6, 2006) (rejecting the government's position that appellate courts lack jurisdiction to review sentences for reasonableness under § 3742(a)).

Because we have jurisdiction to entertain appellate review, we now turn to the reasonability of Ashcroft's sentence.  Ashcroft argues that the 71-month sentence imposed by the district court was unreasonable and higher than necessary to fulfill the purposes of sentencing.  He contends that a sentence below 71 months would have been sufficient to "promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed . . . treatment."  Ashcroft argues that there were numerous

2

mitigating circumstances warranting a sentence at the low end of the guidelines that the district court refused to consider, even though it said it would.

Following Booker, we review the final sentence imposed on a defendant for reasonableness. See Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). The factors set forth in § 3553(a) guide this review. Id. at 1246. Those factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the guideline range. See 18 U.S.C. § 3553(a). Although a within-guidelines sentence is not per se reasonable, we ordinarily expect such a sentence to be reasonable. See United States v. Talley, 431 F.3d 784, 787-88 (11th Cir. 2005). This expectation is measured against the record, and Ashcroft bears the burden of showing his sentence is unreasonable in light of the record and the 3553(a) factors. Id.

We conclude that the district court imposed a reasonable sentence under Booker. The court supported its sentence by taking into account Ashcroft's extensive criminal history, which the court discussed at length at the sentencing hearing, noting that his prior felony offenses were "almost too numerous to count." The court also considered the need to reflect the seriousness of the offense, to

3

afford adequate deterrence, and to protect the public from Ashcroft. Although the court did not detail the weight that it had accorded to each sentencing factor, it was not required to do so. See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005) (holding that district court need not recite a laundry list of sentencing factors to have adequately considered them under Booker). Ashcroft has failed to show record evidence sufficient to overcome our expectation that his sentence within the guideline range is unreasonable.

Finally, Ashcroft argues for the first time on appeal that 18 U.S.C. § 922(g), the statute under which he was convicted, is an unconstitutional exercise of Congress's Commerce Power. According to Ashcroft, our decision in United States v. Maxwell, 386 F.3d 1042 (11th Cir.), cert. granted and judgment vacated, 126 S. Ct. 321, and cert. denied, 126 S. Ct. 85 (2005), undermines our previous determinations of 18 U.S.C. § 922(g)'s constitutionality by holding that the aggregate approach to determining effects on interstate commerce cannot be applied to non-economic criminal activity. As a result, Ashcroft contends, 18 U.S.C. § 922(g) is unconstitutional because it relies on the aggregate approach to regulate a non-economic criminal activity. As Maxwell held that only regulation of non-economic criminal activities substantially affecting interstate commerce are constitutional, he argues that 18 U.S.C. § 922(g) is unconstitutional on those

4

grounds as well.

Although we generally review constitutional issues de novo, it is within our discretion to address a constitutional issue when it has been raised for the first time on appeal. United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004), cert. denied, 125 S. Ct. 1751 (2005). When an issue is raised for the first time on appeal, we review the argument for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." Id.

Our since-vacated decision in Maxwell, 386 F.3d at 1059-60, held that, according to the Supreme Court's decisions in United States v. Lopez, 514 U.S. 549 (1995), and United States v. Morrison, 529 U.S. 598 (2000), non-economic intrastate criminal conduct may not be regulated by Congress through its commerce powers. Specifically, Maxwell invalidated a child pornography statute, 18 U.S.C. § 2252A(a)(5)(B), on the basis that "wholly intrastate activities that have an only minimal or insubstantial effect on interstate commerce are not proper subjects for federal regulation, at least not through the power bestowed by the Commerce Clause." Id. at 1055.

5

Ashcroft's reliance on our since-vacated decision in <u>Maxwell</u> dooms his argument that 18 U.S.C. § 922(g) is unconstitutional.  Since <u>Maxwell</u> was vacated, this Court has held that § 922(g) is constitutional.  <u>See</u> <u>Wright</u>, 392 F.3d at 1280.  Our decision in <u>Wright</u> is consistent with numerous Eleventh Circuit cases affirming the constitutionality of § 922(g).  <u>See, e.g.</u>, <u>United States v. Dunn</u>, 345 F.3d 1285, 1297 (11th Cir. 2003); <u>United States v. Scott</u>, 263 F.3d 1270 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1166 (2002); <u>United States v. Dupree</u>, 258 F.3d 1258 (11th Cir. 2001).  Because "only the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision," we must reject Ashcroft's argument.  <u>United States v. Marte</u>, 356 F.3d 1336, 1344 (11th Cir. 2004).

**AFFIRMED**.