[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 8, 2006
THOMAS K. KAHN
CLERK

No. 05-13031
Non-Argument Calendar

_____

D. C. Docket No. 04-80137-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIEGO ALBERTO RUBIO-LEDEZMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 8, 2006)**

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Diego Alberto Rubio-Ledezma appeals his conviction and sentence for re-

entering the United States illegally after having been deported, in violation of 8

U.S.C. § 1326(a) and (b)(2). For the reasons that follow, we affirm.

## I. Background

Rubio-Ledezma, an alien who had previously been deported from the United

States, was indicted for unlawfully re-entering the United States without the

Attorney General or the Secretary of Homeland Security having consented to his

reapplying for admission, in violation of 8 U.S.C. § 1326(a) and (b)(2). With the

assistance of retained counsel, Rubio-Ledezma agreed to enter a guilty plea.

At the change-of-plea hearing, the court confirmed that Rubio-Ledezma had

been given the opportunity to speak with counsel and that he was satisfied with

counsel's representation. The court then informed Rubio-Ledezma, <u>inter alia</u>, that,

> you have a right to plead not guilty to any charges pending against
> you, and to persist in that plea. That you would then have the right to
> a trial by jury, at which time you'd have the right to the assistance of
> counsel for your defense, the right to see and hear all witnesses
> against you and have them cross-examined in your defense, the right
> on your own part to refuse to testify unless you voluntarily elected to
> do so in your own defense, . . . .

The government made the following factual proffer: Rubio-Ledezma was a citizen

of Mexico who entered the United States through Texas in 1997. In 1999, he was

convicted of various drug offenses and, after a term of imprisonment, he was

removed from the United States. In 2004, he was found in Florida and arrested; he

2

did not have permission to re-enter the United States. Rubio-Ledezma accepted the government's facts and entered his guilty plea, which the court accepted.

The probation officer prepared a pre-sentence investigation report ("PSI"), assigning a base offense level of 8 pursuant to U.S.S.G. § 2L1.2. Rubio-Ledezma received a 16-level enhancement under § 2L1.2(b)(1)(A) because of his prior conviction for a felony drug trafficking offense for which the sentence imposed exceeded 13 months. The probation officer then recommended a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 21. The probation officer noted Rubio-Ledezma's 1999 convictions for trafficking in cocaine and possession of marijuana and assigned him a criminal history category of IV, making the applicable guidelines range 57 to 71 months' imprisonment.

Rubio-Ledezma filed no objections to the PSI, but indicated that he would seek a downward departure. At sentencing, he again failed to object to the PSI. The court ultimately rejected Rubio-Ledezma's request for downward departure, concluding that the facts of the case did not warrant such departure. The court determined that a sentence within the advisory guidelines range was sufficient to meet the factors outlined in 18 U.S.C. § 3553(a), to demonstrate the seriousness of the offense and to provide a just and reasonable punishment. The court further

3

stated that it was "important to send a message about illegal re-entry." The court then sentenced Rubio-Ledezma to 57 months' imprisonment, a sentence at the bottom of the applicable guidelines range.

Thereafter, retained counsel moved to withdraw, citing a conflict of interest that had developed due to Rubio-Ledezma's belief that counsel had been ineffective. The court granted the motion, found Rubio-Ledezma indigent, and appointed new counsel.

## II. Discussion

### Rule 11 Error

Rubio-Ledezma first argues that the district court failed to satisfy the core concerns of Rule 11 during his plea colloquy by failing to instruct him that he had the right to have counsel appointed to represent him. Rubio-Ledezma explains that he had retained counsel during the plea hearing, but that counsel was expensive, and he felt constrained by his financial situation to avoid the cost of trial investigation and preparation. He argues that, as a result, he did not understand the direct consequences of his guilty plea.

When a defendant fails to assert a Rule 11 violation in the district court, he must show plain error on direct appeal to be entitled to relief. United States v. Vonn, 535 U.S. 55, 57-63 (2002). "Plain error occurs where (1) there is an error;

4

(2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 82-83 (2004).

"When a district court accepts a guilty plea, it must ensure that the three core concerns of Rule 11 . . . have been met: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Lejarde-Rada, 319 F.3d 1288, 1289 (11th Cir. 2003) (internal quotation marks omitted). Generally, this court will uphold a plea colloquy that technically violates Rule 11 so long as it adequately addresses the three core concerns outlined above. See, e.g., United States v. Jones, 143 F.3d 1417, 1420 (11th Cir. 1998). Moreover, in the Rule 11 context we "may consult the whole record when considering the effect of any error on substantial rights," Monroe, 353 F.3d at 135-49, and we are permitted to give a strong presumption of truth to statements made

5

by the defendant during the plea colloquy. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

Rule 11 requires that the district court inform the defendant that he has "the right to be represented by counsel–and if necessary have the court appoint counsel–at trial and at every other stage of the proceeding." Fed. R. Crim. P. 11(b)(1)(D). Here, the court failed to instruct Rubio-Ledezma regarding this particular right. However, although the court may have technically failed to meet the requirements of Rule 11, the record as a whole reveals that the error did not affect Rubio-Ledezma's substantial rights.

First, the court informed him that he had the right to counsel, although the court did not state that he had the right to have counsel appointed for him. This was not a "total failure" to meet the core requirements of Rule 11, however. Cf. United States v. Hernandez-Fraire, 208 F.3d 945, 950 (11th Cir. 2000). Second, Rubio-Ledezma was represented by counsel during the colloquy, and he indicated that he was satisfied with counsel. Moreover, "[i]t is fair to burden the defendant with his lawyer's obligation to do what is reasonably necessary to render the guilty plea effectual and to refrain from trifling with the court. It therefore makes sense to require counsel to call a Rule 11 failing to the court's attention." Vonn, 535 U.S. at 73 n.10. Here, defense counsel did not object to the court's failure to mention

6

Rubio-Ledezma's right to appointed counsel.

Finally, Rubio-Ledezma has not met his burden of showing that he would not have pleaded guilty but for the error. He failed to express confusion over the plea during the colloquy; nor did he exhibit any interest in proceeding to trial or remorse about pleading guilty during sentencing. Nevertheless, he argues that he pleaded guilty only because he was concerned regarding the cost of going to trial and that he would have proceeded to trial with appointed counsel had he been aware of that option. This argument is insufficient to meet his burden.

In <u>Dominguez Benitez</u>, we noted that

> [w]hen the record made for a guilty plea and sentencing reveals [strong evidence of guilt] . . . one can fairly ask a defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial. The point of the question is not to second-guess a defendant's actual decision; if it is reasonably probable he would have gone to trial absent the error, it is no matter that the choice may have been foolish. The point, rather, is to enquire whether the omitted warning would have made the difference required by the standard of reasonable probability. . .

542 U.S. at 85. Here, the evidence against Rubio-Ledezma was strong, and it is unclear what benefit he could possibly have received by withdrawing his plea and proceeding to trial. Therefore, in light of the evidence against Rubio-Ledezma, his representation by counsel, and his statements made during the plea colloquy, the district court's Rule 11 error did not affect Rubio-Ledezma's substantial rights.

Accordingly, we affirm.

Sentence Enhancement

Rubio-Ledezma next argues that, pursuant to United States v. Booker, 543 U.S. 220 (2005), the court was not permitted to enhance his sentence based on prior convictions that were not charged in the indictment or proved to a jury beyond a reasonable doubt. Rubio-Ledezma concedes, however, that this court has rejected this arguments in prior cases. See, e.g., United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005) ("[B]ecause the prior-conviction exception remains undisturbed after Booker, a district court does not err by relying on prior convictions to enhance a defendant's sentence."); United States v. Camacho-Ibarquen, 404 F.3d 1283, 1290 (11th Cir. 2005).

When a defendant fails to object to an error before the district court, we review for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005).

Because enhancement based on a prior conviction does not constitute a constitutional Booker error, we affirm Rubio-Ledezma's sentence.

For the foregoing reasons, the judgment of the district court is AFFIRMED.