[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 17, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-10659
Non-Argument Calendar

_____

D. C. Docket No. 03-14033-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE EBRITE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2005)

**ON REMAND FROM THE SUPREME COURT**
**OF THE UNITED STATES**

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Kyle Ebrite Williams was convicted of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. He appealed, challenging (1) the sufficiency of the evidence; (2) the denial of his motion for a mistrial; (3) the determination of drug quantity based on theoretical yield; and (4) the imposition of an enhancement in his sentence for possession of a firearm. He based this last argument on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 403 (2004).

On November 29, 2004, we affirmed Williams's conviction and sentence. The Supreme Court granted certiorari, vacated our opinion, and remanded the case to us for reconsideration in light of United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed. 621 (2005). Upon reconsideration, we affirm the conviction for the reasons given in our prior opinion dated November 29, 2004. For the reasons that follow, we affirm in part and vacate and remand in part Williams's sentence.

In Booker,[1] the Supreme Court held that Blakely applied to the federal sentencing guidelines and that "the Sixth Amendment right to trial by jury is violated where, under a mandatory guideline system, a sentence is increased based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005)

---

[1] We now review Blakely arguments under Booker.

2

(citations omitted), <u>cert. denied</u>, 125 S. Ct. 2935 (2005).  The constitutional error is not that there were extra-verdict enhancements but "that there were extra-verdict enhancements used in an mandatory guidelines system."  <u>Id.</u> at 1300.  This court has explained that a <u>Booker</u> error also results from the district court's use of a mandatory guidelines scheme, even in the absence of any constitutional error.  <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Because Williams preserved his <u>Booker</u> challenge in the district court, we review the sentence de novo, but will reverse only if the error was not harmless.  <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005).  The burden is on the government to show that the error was harmless and there are two standards for the harmless error test.  To establish that a constitutional error was not harmless, the government must demonstrate that the error did not affect the defendant's substantial rights.[2]  To show statutory harmless error, the government is held to a less demanding standard, but must show that, viewing the proceedings in their entirety, the error had no effect or a very slight effect on the sentence.[3]  <u>United</u>

---

[2]  In other words, "where it is clear 'beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained.'" <u>Mathenia</u>, 409 F.3d at 1291-92.

[3]  "The non-constitutional harmless error standard is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." <u>Mathenia</u>, 409 F.3d at 1292 (citing <u>Paz</u>, 405 F.3d at 948-49; <u>United States v. Garcia</u>, 405 F.3d 1260, 1275-76 (11th Cir. 2005)).

3

States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005).

Here, the district court imposed an extra-verdict enhancement based on Williams's possession of a firearm and calculated the sentence under a mandatory guideline regime. Thus, Williams's sentence suffers from both constitutional and statutory error, and we must reverse unless the government can show that the error was harmless beyond a reasonable doubt.[4]

A review of the record does not establish that the error was harmless. Williams was sentenced at the low end of the guidelines range. At sentencing, however, the district court made no statements about the sentence it imposed other than its determination that it should sentence Williams at the low end of the guideline range because he faced a greater sentence than his codefendant due to his criminal history. Without more, this is insufficient for the government to meet its burden.

Although there was Booker error, there are still guidelines issues to be addressed. The district court on remand must still correctly calculate the guidelines range, and thus we examine whether the district court did so. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that after Booker, district courts must consult the Guidelines and "[t]his consultation

---

[4] If the government can meet this heavy burden, then it also would be able to meet the statutory harmless error standard.

4

requirement, at a minimum, obliges the district court to calculate <u>correctly</u> the sentencing range prescribed by the Guidelines"). We conclude that the district court correctly calculated Williams' guidelines range as 92 months to 115 months.

First, the district court properly imposed the firearm enhancement in calculating that guidelines range. We review a district court's findings of fact related to a § 2D1.1(b)(1) firearm enhancement for clear error. <u>United States v. Hall</u>, 46 F.3d 62, 63 (11th Cir. 1995). The guidelines require a two-level enhancement of the defendant's offense level for possession of a firearm. U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to another offense." <u>Id.</u>, comment. (n.3).

In the present case, the firearm was found in the defendant's apartment. Although he was not in the same room, he had access to the weapon. The apartment also contained evidence of a methamphetamine lab, and as we have observed in prior cases, weapons are often used in connection with drug activities. <u>See</u> <u>United States v. Terzado-Madruga</u>, 897 F.2d 1099, 1120 (11th Cir. 1990). Under the guidelines scheme, the district court was justified in applying the firearm enhancement.

The district court also did not commit plain error in using the theoretical

yield of methamphetamine based on the available evidence to determine the drug quantity at sentencing.[5] As we have held, a "district court may estimate the lab's capability by calculating the potential methamphetamine yield based upon seized precursor chemicals." United States v. Carroll, 6 F.3d 735 (11th Cir. 1993).

Accordingly, on remand, the district court is required to sentence Williams under an advisory Guidelines regime, and shall consider the Guidelines range of 92 to 115 months' imprisonment and "other statutory concerns as well, see [18 U.S.C. 3553(a) (Supp. 2004)." Booker, 125 S. Ct. at 757.[6]

AFFIRMED in part; VACATED AND REMANDED in part.

---

[5] Because the defendant did not raise this argument before the trial court, we examine it for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). The defendant did dispute the amount of methamphetamine used in the sentencing before the trial court, but in that dispute he argued in favor of a 60 percent yield, which led to the amount used in sentencing, 4.7 grams. The defendant now challenges the same process he argued for at trial. Therefore, his argument that this court should apply a clear error standard, as opposed to plain error, is incorrect.

[6] We do not mean to imply that on remand the district court must impose a lesser sentence. Rather, we merely hold that the government has failed to meet its burden to show that the Booker constitutional error of sentencing under a mandatory Guidelines regime was harmless.

We also will not attempt to decide now whether a particular sentence below or above the Guidelines range might be reasonable in this case. If there is an appeal of the actual post-remand sentence which raises that issue, we can decide it then.