[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 5, 2007
THOMAS K. KAHN
CLERK

No. 06-13051
Non-Argument Calendar

_____

D. C. Docket No. 03-14033-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE EBRITE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 5, 2007)**

Before TJOFLAT,  BIRCH and HULL, Circuit Judges.

PER CURIAM:

Kyle Ebrite Williams ("Williams") appeals his 92-month sentence for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. Because the district court did not commit constitutional error by engaging in fact-finding at sentencing, and Williams's sentence is neither greater than necessary under 18 U.S.C. § 3553(a) nor unreasonable, it is due to be affirmed. However, the judgment contains a clerical error and to that extent it is VACATED and the case is REMANDED with instructions that the district court correct the error.

## I. BACKGROUND

In a second superseding indictment in 2003, Williams was charged with: (1) conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1), pursuant to 21 U.S.C. § 846; and (2) being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). After Williams pleaded not guilty, a jury convicted him on the conspiracy count but hung on the firearm count.

Before sentencing, a probation officer prepared a presentence investigation report ("PSI") setting Williams's base offense level at 26, pursuant to U.S.S.G. § 2D1.1(a)(3) (2003), because his offense involved at least 5 grams of methamphetamine. A two level increase was applied because a dangerous weapon was possessed, under § 2D1.1(b)(1). Williams had eight criminal history points based on several drug offenses, one petit theft offense, and one offense involving

burglary and grand theft.   He also had an array of unscored criminal conduct, and had once been acquitted on the charge of possession of a firearm by a convicted felon.   With an adjusted offense level of 28, and a criminal history category of IV, Williams's resulting guidelines range was 110 to 137 months' imprisonment.   The statutory maximum was 20 years' imprisonment.

The PSI also summarized the facts of the case.  A search warrant obtained based on information that Williams was selling firearms and methamphetamine from a home led to the discovery of drug paraphernalia; a non-operational methamphetamine production laboratory; five boxes of pseudo-ephederine containing six empty blister packs, each of which contained twenty-four 60 mg tablets (8.6 grams of pseudo-ephedrine); a pill bottle containing methamphetamine; stains on the carpet, wall, and towels containing methamphetamine residue; a five shot .38 Special Rossi revolver with five live rounds; and twelve rounds of ammunition.   After those present (Williams, Sharon Higgins, Beaudarick Cochise, and Steven Schock) were arrested, Cochise was identified as the primary cook, and Williams admitted that he owned the gun and had helped Cochise recover an "eight ball" of methamphetamine after a drug spill.  Higgins stated that Williams used and sold methamphetamine and wanted to learn how to make methamphetamine and, therefore, had helped Cochise bring the laboratory equipment to the house.

Cochise stated that he had learned to make methamphetamine on his own and either personally used what he made or gave samples to friends.

According to the PSI, DEA chemist Eric Jordan testified at trial that, based on the 8.6 grams of pseudo-ephedrine, a yield of 4.7 to 5.5 grams of methamphetamine was to be expected. Cochise, who had entered a plea agreement with the government and been sentenced to 37 months' imprisonment, stated that he could produce 6.5 to 7 grams of methamphetamine based on 8.6 grams of pseudo-ephedrine.

With respect to Williams's health, the PSI noted that he denied having a substance abuse problem or needing counseling, although he admitted seeing a psychologist and doctor for anxiety attacks and major recurrent depression and being diagnosed with Trans Mandibular Joint Disorder. Although Williams lacked a permanent residence before his arrest and was living with different friends, his father indicated that he could live with him temporarily post-release, if he changed his behavior.

Williams raised two objections to the PSI. First, he objected to being held accountable for 6.5 grams of methamphetamine based on Cochise's assertions. Second, he objected to the two-level enhancement for possession of a firearm because the jury was unable to reach a verdict on the issue.

4

At the sentencing hearing held in early 2004, Williams reiterated his objections to the PSI. The district court found by a preponderance of the evidence that at least 4.7 grams were involved and reduced the base offense level from 26 to 24, but overruled Williams's objection to the firearm enhancement. No new objections were raised, and the district court adopted the PSI and found the guideline range to be 92-115 months' imprisonment. After noting that Williams's criminal history greatly enhanced the guideline range, the district court sentenced him under a mandatory guidelines scheme to 92 months' imprisonment.

We originally affirmed Williams's conviction and sentence in late 2004. United States v. Williams, 125 F. App'x 981(11th Cir. 2004). However, the Supreme Court granted certiorari, vacated our judgment, and remanded the case pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). We, in turn, affirmed Williams's conviction again, but vacated and remanded Williams's sentence because of constitutional and statutory Booker error. Williams, 159 F. App'x 880, *2-4  (11th Cir. 2005). We instructed the district court to resentence Williams under advisory guidelines, but held that the 92-115 month guideline range was correctly calculated, the firearm enhancement was properly applied, and the district court did not commit plain error in using the theoretical yield of methamphetamine to determine the drug amount at sentencing. Id. at *5-6.

Before resentencing, Williams objected again to the 4.7 gram amount because it was based on a theoretical yield. He also argued that the two-level enhancement for possession of a dangerous weapon was inappropriate because the evidence was insufficient to prove that he possessed the firearm and the district court made the relevant factual findings. At the resentencing on 12 May 2006, Williams's counsel acknowledged that our remand was technically limited to issues arising under Booker, but he still objected to the district court's fact-finding regarding the drug amount and possession of a firearm. All objections were overruled.

Williams sought a sentence of 60 months' imprisonment, arguing, inter alia, that Cochise – who was the "cooker" – received 37 months' imprisonment; multiple individuals had access to the firearm; he had been a drug addict since age 16 and suffered from depression and anxiety; and his family was willing to help him. Williams stated that he had participated in a 40-hour drug treatment program, but was ineligible for a 500-hour program because he had more than 36 months left on his sentence. The government responded that a 92-month sentence was reasonable because Williams had entered a conspiracy to cook methamphetamine and had an extensive criminal history.

After noting Williams's significant criminal history, his propensity to be around firearms, his failure to accept responsibility, and the requirement that it consider all of the factors in 18 U.S.C. § 3553, the district court sentenced Williams again to 92 months' imprisonment and a three-year term of supervised release. The district court also recommended that Williams be placed in a 500-hour drug treatment program, but it did not address Williams's medical problems. Before adjourning, the court asked whether Williams objected to its findings of fact or the manner in which sentence was pronounced; Williams renewed the objections made at the beginning of the hearing.

Judgment was entered on 23 May 2006, and Williams timely appealed.

## II. DISCUSSION

### A. Whether the district court unconstitutionally made findings at sentencing by a preponderance of the evidence

Williams, acknowledging that current precedent holds otherwise, argues that his offense level should not have reflected unindicted conduct that was not found by a jury, namely the quantity of drugs and possession of a firearm. Williams contends that, as a result, his constitutional rights to indictment, trial by jury, due process and presumption of innocence were violated. The government responds that the law of the case doctrine and the mandate rule bar Williams from challenging the drug amount and enhancement for a firearm. Williams replies that

7

he is raising a constitutional challenge for the purpose of further review or if our pertinent caselaw changes.

We review de novo whether the law of the case doctrine applies. Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005) (citation omitted). "This court reviews the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts de novo." United States v. Humber, 255 F.3d 1308, 1311 (11th Cir. 2001) (citation omitted).

"The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality and obedience within the judicial system." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (citation and quotation omitted). "Under the law of the case doctrine, both the district court and the appellate court are generally bound by a prior appellate decision of the same case." Oladeinde v. City of Birmingham, 230 F.3d 1275, 1288 (11th Cir. 2000) (citation and quotation omitted). "While the law of the case does not bar litigation of issues 'which might have been decided but were not,' . . . it does require a court to follow what has been decided explicitly, as well as by necessary implication, in an earlier proceeding." In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550 n.3 (11th Cir. 1990) (internal citation and emphasis omitted). However, we may "reconsider an issue if

8

the prior decision was clearly erroneous and would result in a manifest injustice." Oladeinde, 230 F.3d at 1288. "The mandate rule is simply an application of the law of the case doctrine to a specific set of facts." Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506, 1511 (11th Cir. 1987) (en banc). "If the appeals court issues a specific mandate, the district court must obey: the mandate is not subject to interpretation." United States v. Mesa, 247 F.3d 1165, 1170 (11th Cir. 2001).

Under an advisory guidelines scheme, the use of extra-verdict enhancements is not unconstitutional. United States v. Rodriguez, 398 F.3d 1291, 1301-02 (11th Cir. 2005). A district court may make factual findings at sentencing by a preponderance of the evidence even if these facts were not charged in the indictment, admitted by the defendant, or found by a jury. See United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (per curiam).

Because we have already held that the firearm enhancement was properly applied and the district court did not commit plain error in using the theoretical yield of methamphetamine to determine the drug amount at sentencing, and these decisions were not clearly erroneous, the law of the case doctrine and the mandate rule bar further consideration of these issues. Oladeinde, 230 F.3d at 1288; Litman, 825 F.2d at 1511. Therefore, we reject Williams's assertion that the district court engaged in impermissible fact-finding.

9

**B.** **Whether Williams's 92-month sentence is greater than necessary under 18 U.S.C. § 3553(a) or is otherwise unreasonable**

Williams argues on appeal that his sentence is unreasonable because it fails to comply with the statutory requirement that a sentence be "sufficient, but not greater than necessary." Appellant's Br. at 13-19. Additionally, Williams argues that his role in the offense conduct consisted only of permitting another to make methamphetamine in an apartment in which he was temporarily residing and occasionally using the drugs. Finally, he contends that the court failed to consider his history of depression and anxiety attacks or the family support available to him, and overemphasized his criminal history and the presence of a firearm at the time of his arrest.

In his reply brief, Williams argues that whether his sentence is reasonable should be based primarily on his role and culpability in the offense. He notes that his involvement was less than Cochise's, which he contends the government does not dispute, yet Cochise received 37 months' imprisonment and he received 92 months' imprisonment. Williams also asserts that the sentence was unreasonable in light of his limited role in the offense; the gun being present in a common area available to others; a criminal history consisting of relatively low level offenses; psychological problems; and a close nuclear family.

We review a sentence for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a).  United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam).  We review only the final sentence for reasonableness, rather than each individual decision made during the sentencing process.  Id. at 1245.  Reasonableness review is "deferential" and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).  Furthermore, although a sentence within the guideline range is not per se reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."  Id.

A sentencing court is charged with imposing a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes of the defendant, and provide the defendant with educational or vocational training, medical care or other treatment.  18 U.S.C. § 3553(a).  Furthermore, under § 3553(a), a court shall consider, inter alia, " the nature and circumstances of the offense and the history and characteristics of the defendant;" the types of sentences available; the sentencing guidelines; and the need to avoid unwarranted sentence disparities among similar

11

defendants. 18 U.S.C. § 3553(a). The district court need not recite a laundry list of the § 3553(a) factors; some indication in the record that the court adequately and properly considered the applicable advisory guidelines range and the § 3533(a) sentencing factors is sufficient. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Finally, "issues not raised by a defendant in his initial brief on appeal are deemed waived." United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004). Here, the statutory maximum was 20 years of imprisonment, and Williams was sentenced at the lowest end of the applicable guideline range, which we have already held was correctly calculated. See Williams, 159 F. App'x 880 at *5. The sentence was also not greater than necessary to achieve the purposes of sentencing or otherwise unreasonable in light of the § 3553(a) factors because the district court noted Williams's significant criminal history, propensity to be around firearms, failure to accept responsibility, and the requirement that the § 3553(a) factors be considered. Additionally, the district court recommended that he receive drug treatment while incarcerated. Therefore, the record contains the requisite indication that the court adequately and properly considered the applicable advisory guidelines range and the § 3533(a) sentencing factors. See Scott, 426 F.3d at 1329. Accordingly, Williams has not met his burden of establishing that his sentence was unreasonable. See Talley, 431 F.3d at 788.

**C. Whether the judgment incorrectly identifies the statute of conviction**

The judgment and the second page of the PSI list the offense of conviction – conspiracy to manufacture methamphetamine – as arising under 21 U.S.C. § 841(a)(1), which covers only the substantive offense of the manufacturing of methamphetamine, but not conspiracy to manufacture methamphetamine, which is prohibited by 21 U.S.C. § 846. Although not addressed by either party on appeal, we "may sua sponte raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors." United States v. Massey, 443 F.3d 814, 822 (11th Cir. 2006). We have remanded for correction of a clerical error where the statute cited in the judgment and commitment order was incorrect. United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (per curiam) and do so here to correct the record.

## III. CONCLUSION

Williams' attack on his sentence must be rejected for the reasons set out above. However, due to a clerical error, we VACATE and REMAND for correction of same.

**AFFIRMED IN PART; VACATED IN PART AND REMANDED WITH INSTRUCTIONS.**