[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2002
THOMAS K. KAHN
CLERK

_____

No. 02-10994
Non-Argument Calendar

_____

D.C. Docket No. 01-00047-CR-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(December 13, 2002)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

TJOFLAT, Circuit Judge:

In a seven-count indictment, Robert Hall (the "appellant") was charged – in

Count One – with conspiring between January 1, 2000 and July 23, 2000 with

Christopher Brown and Willie James Francis to distribute and to possess with intent to distribute more than fifty grams of crack cocaine, and – in Count Seven – with possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Brown and Francis pled guilty to the Count One offense while the appellant went to trial on both counts. Brown and Francis testified against him as prosecution witnesses and the jury found him guilty as charged. The court sentenced the appellant to concurrent prison terms of 360 months. He now appeals his convictions.

Appellant contends that the trial judge committed several errors that, when considered cumulatively, denied him a fair trial and therefore due process of law. Specifically, he claims that the following testimony should not have come before the jury: (1) Agent Kitt-Woods' testimony regarding code words used during telephone calls to refer to drugs; and (2) Agent Kitt-Woods' testimony regarding statements Brown made following his arrest regarding the source of his cocaine. Also, the appellant argues that the jury should not have heard the prosecutor state in his final summation that the argument made by his attorney was a "damn lie," which made him "mad."

Appellant did not object to the testimony in question, or to the prosecutor's statement in summation. Nor did he move the court for a new trial based on these

alleged errors. We therefore review the admission of Agent Kitt-Woods'

statements and the prosecutor's comment for plain error. Plain error occurs where

(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's

substantial rights in that it was prejudicial and not harmless; and (4) that seriously

affects the fairness, integrity or public reputation of the judicial proceedings.

United States v. Clark, 274 F.3d 1325, 1326 (11th Cir. 2001). In most cases, a

determination of whether error affects a substantial right turns upon whether it

affected the outcome of the proceedings. United States v. Olano, 507 U.S. 725,

734, 113 S. Ct. 1770, 1778, 123 L.Ed.2d 508 (1993).

As a threshold question here, we must ask what the court should have done

after each of the alleged errors occurred, given that no objection was made at the

time. During Agent Kitt-Woods' testimony, should the court have intervened sua

sponte and instructed the jury to disregard the  statements at issue? We will

assume that the two statements were inadmissible – that is to say, we assume that,

had appellant objected, the court's admission of the statement would have

constituted an abuse of discretion as a matter of law.[1] Even still, we are aware of

---

[1] It is hornbook law that the admission or exclusion of evidence is committed
to the trial judge's sound discretion. The same is true with respect to the court's
failure to intervene after the prosecutor made the comments at issue; whether or not
to intervene was a discretionary decision.

no precedent directing the court that it was required to intervene at the moment the first statement was made in order to instruct the jury to disregard the statement.[2] Therefore, any error was not plain. The same is true with respect to Kitt-Woods' second statement; any (assumed) error was not plain. As for the prosecutor's comments, we will give the appellant the benefit of the doubt and presume that the court could have intervened sua sponte and instructed the jury to disregard the comments. Once again, though, we find no precedent suggesting that the court's failure to intervene would have been an abuse of discretion.[3]

Assuming arguendo that these alleged errors were plain, whether considered individually or collectively, we would next ask whether they affected appellant's substantial rights, and if so, whether they affected the "fairness, integrity or public reputation of the judicial proceedings." The answer to both questions is "no." The

---

[2] Had the court intervened sua sponte and declared a mistrial, such a declaration would have implicated the Double Jeopardy Clause. Prior to retrial, one would expect appellant to move the court to dismiss the indictment, contending that he was entitled to go to verdict with the previously empaneled jury and that the court had deprived him of that right.

[3] A sua sponte declaration of a mistrial would have implicated the Double Jeopardy Clause. See supra note 2. In theory, the court could have granted appellant a new trial – even though he did not move the court to grant one (and, in his brief to us, does not contend that the court should have done so on its own initiative). Granting a new trial is a discretionary decision; the failure to grant one here could hardly be considered plain error.

4

evidence of guilt in this case was overwhelming.  There can be no doubt that appellant committed the charged offenses.

AFFIRMED.