[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2005
THOMAS K. KAHN
CLERK

No. 04-14607
Non-Argument Calendar
_____

D.C. Docket No. 03-00507-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL BERRY CODY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 22, 2005)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

A jury convicted Michael Berry Cody of bank robbery, in violation of 18

U.S.C. § 2113(a) (count 1); attempted bank robbery, in violation of 18 U.S.C. §

2113 (a) and (d) (count 2)**;** and carrying or using a firearm during the commission

of the attempted bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count 3). Cody appeals his convictions on all counts and sentences. We affirm his convictions, but vacate his sentences on counts one and two in light of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005), and remand for resentencing. We consider each of Cody's four arguments in turn.

**DISCUSSION**

## I. Sufficiency of the Evidence

Cody first argues that the evidence supporting his convictions is insufficient because eyewitness identification is unreliable, as is the testimony of witnesses regarding their level of certainty in an identification. He argues that the in-court identification of him during his trial was impermissibly suggestive and ensured that he would be identified by the bank employees because he was seated at the defense table and was the only person in the courtroom that fit the robber's description. He further argues that there was insufficient evidence to support his conviction of carrying a firearm since the evidence presented was not sufficient for a reasonable trier of fact to conclude that the object he revealed was a firearm, as defined by the statute, and not a toy gun.

We review *de novo* whether sufficient evidence supports a jury's verdict. *United States v. Byrd*, 403 F.3d 1278, 1288 (11th Cir. 2005). We view the

evidence in the light most favorable to the government and resolve all reasonable inferences and credibility determinations in the government's favor. *Id.* "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *Id.*

## A. Counts 1 and 2

To convict a defendant of bank robbery or attempted bank robbery the government must prove that the defendant: 1) took or attempted to take; 2) from the person or presence of another, 3) money or anything of value; 4) belonging to or possessed by a federally insured bank; 5) by force, violence, or intimidation. *See* 18 U.S.C. §§ 2113(a), (f). We have recognized that issues associated with eyewitness identification, which include perception and memory, "can be adequately addressed in cross-examination and that the jury can adequately weigh these problems through common-sense evaluation." *United States v. Smith*, 122 F.3d 1355, 1357 (11th Cir. 1997) (quoting *United States v. Thevis*, 665 F.2d 616, 641 (5th Cir. Unit B 1982)).

To establish that an in-court identification was unnecessarily suggestive, a defendant must show that the identification was "so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification." *Code v. Montgomery*, 725 F.2d 1316, 1319 (11th Cir. 1984). In determining the reliability

of in-court identifications, we consider the totality of the circumstances which include: 1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness's degree of attention; 3) the accuracy of the witness's prior description of the criminal; 4) the level of certainty demonstrated by the witness at the confrontation; and 5) the length of time between the crime and the confrontation. *Id.*

Witness testimony established that a robber took money from one federally insured bank and attempted to take money from a second federally insured bank, thus establishing the elements of the offenses. Furthermore, multiple eyewitnesses described the robber as matching Cody's general appearance and three eyewitnesses specifically identified Cody as the perpetrator in both offenses. After a review of the record and the parties' briefs, we conclude that Cody has not shown that the in-court identifications made by the eyewitnesses were so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification since the totality of the circumstances suggests that their in-court identifications were reliable. As a result, the record contains sufficient evidence to support the jury's guilty verdict in Cody's bank robbery and attempted bank robbery offenses. Therefore, we affirm Cody's convictions on counts one and two.

**B. Count 3**

To sustain a conviction for carrying or using a firearm during the commission of a crime, the government must present sufficient evidence that the defendant 1) carried or used a firearm 2) during and in relation to the commission of a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A); *see also United States v. Timmons*, 283 F.3d 1246, 1250-52 (11th Cir. 2002) (affirming conviction under § 924(c)(1)(A) for carrying a firearm in relation to drug trafficking offense because it was based on sufficient evidence). The government is not required to show to a "scientific certainty" that a defendant was carrying a gun as defined by the statute, nor is it required to present the gun into evidence. *United States v. Woodruff*, 296 F.3d 1041, 1049 (11th Cir. 2002). "The government must present sufficient testimony, including the testimony of lay witnesses, in order to prove beyond a reasonable doubt that a defendant used, possessed or carried a 'firearm' as that term is defined [in the statute]." *Id.*

The record contains sufficient evidence to support the jury's guilty verdict on Cody's firearm count in light of the testimony by one of the bank tellers that she was familiar with guns and saw the handle of a gun in Cody's waistband. Therefore, we affirm Cody's conviction on count 3.

## II. Confrontation Clause

5

Cody asserts that the district court violated his Sixth Amendment confrontation right when it denied him the opportunity to question the case agent investigating his case about a bank robbery committed by a person matching Cody's description that occurred while he was incarcerated.

We review a district court's ruling on the extent of cross-examination for abuse of discretion. *See United States v. Garcia*, 13 F.3d 1464, 1468 (11th Cir. 1994). "The district court has discretionary authority to rule on the admissibility of evidence, including the power to limit cross-examination. The district court's discretion is limited, however, by the requirements of the Sixth Amendment." *Id.* (internal citations omitted). "The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of the witness' credibility had counsel pursued the proposed line of cross-examination." *United States v. Diaz*, 26 F.3d 1533, 1539-40 (11th Cir. 1994) (quotation and citation omitted). Once there is sufficient cross-examination to satisfy the Confrontation Clause, the district court may limit further cross-examination within its discretion. *Id.* at 1539.

The district court did not abuse its discretion by limiting the scope of Cody's cross-examination of the case agent. Cody had full opportunity to attack the agent's credibility, which was not unduly limited by the court's ruling.

Furthermore, allowing Cody to explore the facts and circumstances of the other bank robberies would have brought before the jury a host of details that may have confused the jury. Because a reasonable juror would not have received a significantly different impression of the agent's credibility had the court allowed Cody to pursue that line of cross-examination, the district court did not violate the Confrontation Clause. Therefore, we affirm the court's evidentiary ruling as within its discretion.

## III. Prejudicial Statements

Cody contends that several prejudicial statements were made during the course of his trial, and that, while none of the statements individually warrant relief, the cumulative effect of the statements warrant reversal, even though he did not make objections. He asserts that statements by a police officer at Veterans Administration Medical Center (VA) indicating that he saw Cody on a news broadcast regarding "numerous bank robberies" infers that Cody was involved in more than the bank robberies for which he was charged. He contends that the officer's testimony that he worked in a "special post" at the VA indicated that Cody was receiving treatment for substance abuse and implied that Cody required special security precautions. He asserted that the clear implication of the case agent's testimony describing Cody's transportation to and from the holding facility

7

to the court for his initial appearance was that Cody was held without bond after his arrest, and the effect was to negate the presumption of innocence.

Because Cody did not object to the statements made during his trial, we review for plain error. *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002). Under a plain error standard, Cody must show: 1) an error occurred; 2) that was plain; 3) and affected his substantial rights; and 4) seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Federal Rule of Evidence 403 provides that relevant evidence can be excluded if it is unduly prejudicial. Fed. R. Evid. 403. Though it is within the court's discretion to exclude prejudicial evidence, the district court did not plainly err in allowing the statements Cody now alleges were prejudicial. As we recognized in *Hall*, a district court is not required to intervene *sua sponte* and instruct a jury to disregard statements that may be objectionable. *See Hall*, 314 F.3d at 566. Thus, even assuming that the district court erred, that error was not plain. *Id.* Because Cody cannot satisfy the plain error standard, his argument challenging the evidence as prejudicial must fail, and his conviction must stand.

IV. ***Booker/Blakely***

Finally, Cody argues, in light of *Booker*, that his sentence for counts one and two should be vacated as a result of a two-level enhancement of his offense

level for a "threat of death" and increase in his criminal history category as a result of prior convictions.

Because Cody objected before the district court, we review Cody's sentence *de novo*, and will vacate and remand only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). "To find harmless error, [this Court] must determine that the error did not affect the substantial rights of the parties." *United States v. Hernandez*, 160 F.3d 661, 670 (11th Cir. 1998). Under harmless error review, the government bears the burden of establishing the absence of prejudice to the defendant's substantial rights.

In *Booker*, the Supreme Court concluded that: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." __ U.S. at __, 125 S. Ct. at 756. Pursuant to *Booker*, "the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." *United States v. Rodriguez,* 398 F.3d 1291, 1298 (11th Cir. 2005), *petition for cert. filed*, 73 U.S.L.W. 3531 (U.S. Feb. 23, 2005) (No. 04-1148).

Recently, this Court explained in *United States v. Shelton* that there are two types of *Booker* error: 1) constitutional error resulting from enhancements based on impermissible judicial fact-finding, and 2) statutory error resulting from application of the guidelines in a mandatory fashion. 400 F.3d 1325, 1331 (11th Cir. 2005).

With respect to Cody's contention that the district court's use of his prior convictions to enhance his sentence, we simply note that in *Booker*, the Supreme Court "left undisturbed its holding in [*Almendarez-Torres*], that recidivism is *not* a separate element of an offense that the government is required to prove beyond a reasonable doubt." *United States v. Orduno-Mireles*, No. 04-12630, slip op. at 1792 (11th Cir. Apr. 6, 2005); *see also United States v. Camacho-Ibarquen*, 404 F.3d 1283, 1290 (11th Cir. 2005). Therefore, the district court did not violate the Sixth Amendment by relying on Cody's prior convictions to determine his sentence.

Nevertheless, the government has failed to prove that the sentence enhancement based on a finding that Cody made a threat of death did not violate the Sixth Amendment. Likewise, the government concedes that the district court erred in sentencing Cody under a mandatory sentencing scheme. Because the

10

government has not carried its burden of showing that these errors were harmless, we vacate Cody's sentences for counts one and two, and remand for re-sentencing.

## CONCLUSION

For the reasons discussed above, we affirm Cody's convictions because sufficient evidence supports the convictions, the district court did not violate his Sixth Amendment right to confrontation, and the district court did not plainly err in admitting potentially prejudicial witness statements. Nevertheless, because the district court committed statutory and constitutional *Booker* error, we vacate Cody's sentences for counts one and two, and remand for re-sentencing.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**