[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10106
Non-Argument Calendar

_____

D. C. Docket No. 04-00184-CR-J-25-MMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMONT LEE NELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 26, 2005)**

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Lamont Lee Nelson appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). For the reasons that follow, we affirm.

## I.

On May 28, 2004, Nelson was found in Florida in possession of a firearm. Subsequently, Nelson was indicted for being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924 (e).[1] At the trial, Nelson stipulated that he had been convicted of a felony for purposes of that element of the offense. Additionally, ATF agent Nichlos Cheremeta testified that the firearm was manufactured in Massachusetts. The jury found Nelson guilty, and the court sentenced him to the mandatory minimum sentence of 180 months' imprisonment, to be followed by three years supervised release. This appeal followed.

## II.

On appeal, Nelson argues for the first time that § 922(g) is facially invalid because Congress failed to define commerce as "interstate or foreign commerce" and is otherwise unconstitutional because Congress exceeded its commerce clause power in enacting the statute by failing to require that the possession of the firearm substantially affect interstate commerce.

---

[1] The indictment listed four prior convictions. Nelson did not challenge the indictment.

Although generally a constitutional challenge is subject to de novo review, when a defendant fails to raise the objection before the district court, we review for plain error. United States v. Walker, 59 F.3d 1196, 1198 (11th Cir. 1995); see also United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Hall, 314 F.3d at 566.

As Nelson concedes, we have consistently upheld the constitutionality of § 922(g) against the challenges that Nelson raises on appeal.[2]  See, e.g., United States v. Peters, 403 F.3d 1263, 1277 (11th Cir. 2005); United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997); United States v. McAllister, 77 F.3d 387, 389-90 (11th Cir. 1996). Accordingly, Nelson cannot establish any error and we AFFIRM his conviction.

**AFFIRMED.**

---

[2] Here, the interstate nexus was established by the ATF agent's testimony that the gun was manufactured in Massachusetts and found in Florida.