[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15963
Non-Argument Calendar

_____

D. C. Docket No. 04-00016-CR-DF-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OCTAVIUS DEMETRICE SAPP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 14, 2005)

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Octavius Demetrice Sapp appeals his convictions for possession with intent to distribute more than 50 grams of crack cocaine, 21 U.S.C. § 841(a), (b)(1)(A)(iii), 18 U.S.C. § 2, and possessing and carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1).  Sapp contends: (1) trial counsel was ineffective in calling Demetrius Kendrick to the stand because there was no question trial counsel knew Kendrick had lied in her earlier testimony at the suppression hearing; and (2) the district court erred by not *sua sponte* granting a mistrial after Kendrick admitted she had lied at the suppression hearing. We affirm the district court.

## I.  DISCUSSION

A.  *Ineffective assistance of counsel*

We generally will not consider on direct appeal claims of ineffective assistance of counsel if the district court neither entertained this claim, nor developed a factual record.  *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) (citing *United States v. Khoury*, 901 F.2d 948, 969 (11th Cir. 1990) *modified on other grounds*, 910 F.2d 713 (11th Cir. 1990)).  If there is insufficient evidence in the record to consider this claim on direct appeal, it should be resolved in a 28 U.S.C. § 2255 collateral proceeding, where an evidentiary hearing may be held.  *See United States v. Camacho*, 40 F.3d 349, 355 (11th Cir. 1994) ("We will,

however, consider an ineffective assistance of counsel claim on direct appeal if the record is sufficiently developed.").

The record is insufficiently developed to consider Sapp's claim for ineffective assistance of counsel in this direct appeal. Accordingly, we decline to review Sapp's claim of ineffective assistance of counsel and dismiss it without prejudice. *See Khoury*, 901 F.2d at 974 (dismissing ineffective assistance of counsel claim brought on direct appeal without prejudice to pursue on collateral relief).

B. *Mistrial*

Sapp asserts the district court should have granted a mistrial "*sua sponte* in spite of trial counsel's failure to move for one." Because this issue was raised for the first time on appeal, our review is for plain error, reversing only if the error affects the defendant's substantial rights. *See United States v. Olano*, 113 S. Ct. 1770, 1776 (1993). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002).

The district court did not plainly err by failing to *sua sponte* grant a mistrial. Kendrick's testimony at trial did not affect Sapp's substantial rights because Kendrick testified she had given Sapp a total of $1,000, regardless of the source from which the money was derived. Kendrick testified the reason she had lied to Sapp about the source of the money was "so he wouldn't keep asking me for no money because he knew I had got my taxes back." The fact remains the jury heard testimony Kendrick had given Sapp money, regardless of Kendrick's source of the money. That fact was before the jury and it was free to accept or reject it. Sapp neither demonstrated it affected his substantial rights nor has he cited any binding authority supporting his position. Accordingly, the district court did not commit plain error. *See United States v. Funt*, 896 F.2d 1288, 1297 n.7 (11th Cir. 1990) (noting it "would be a perversion of adversary process to permit a party to obtain a mistrial based on his own evidence"); *see also Johnson*, 489 F.2d at 144 (affirming conviction where trial judge failed to *sua sponte* grant mistrial, holding defendant failed to show prejudice rose "to the level of plain error affecting substantial rights of the appellant requiring reversal").

## II. CONCLUSION

We decline to review Sapp's claim of ineffective assistance of counsel and dismiss it without prejudice. We further discern no plain error for the district court's failure to *sua sponte* grant a mistrial.

AFFIRMED IN PART; DISMISSED IN PART.