[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 16, 2006
THOMAS K. KAHN
CLERK

No. 06-11452
Non-Argument Calendar

_____

D. C. Docket No. 01-00076-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO J. MONTELONGO,
a.k.a. Roberto Juarez,
a.k.a. Roberto Montelongo Juarez,
a.k.a. Juan Ismael Juares,
a.k.a. Betto Juarez,
a.k.a. Juan Ismael Juarez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 16, 2006)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Roberto J. Montelongo appeals his sentence of 50 months for illegal reentry into the United States. Montelongo argues that the district court violated section 3553(a) because it failed both to state and find that Montelongo's sentence was "not greater than necessary." 18 U.S.C. § 3553(a). The advisory Sentencing Guidelines range was 46 to 57 months of imprisonment, and Montelongo did not object at sentencing. We affirm.

"When a defendant fails to object to an error before the district court, we review the argument for plain error." United States v. Raad, 406 F.3d 1322, 1323 (11th Cir.), cert. denied __ U.S. __, 126 S. Ct. 196 (2005). Plain error occurs where "'(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings.'" Id. (quoting United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002)). The district court did not err.

"[N]othing . . . requires [a] district court to state on the record that it has explicitly considered each of the [section] 3553(a) factors or to discuss each of the [section] 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir.

2

2005).  In addition, we review the sentence imposed by the district court for reasonableness and "ordinarily . . . expect a sentence within the Guidelines range to be reasonable."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  Because Montelongo's sentence "achieve[s] the purposes of sentencing as stated in [section] 3553(a)," it was reasonable.  Id.

**AFFIRMED.**