[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK

No. 07-13048
Non-Argument Calendar
_____

D. C. Docket No. 07-00010-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELA CRISHAWNA WRIGHT,
a.k.a. Shay,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 2, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Angela Crishawna Wright appeals her conviction and sentence for

conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 846. Wright argues that there was a prejudicial variance between the indictment and the evidence at trial because the indictment alleged only one conspiracy, but the evidence demonstrated many individual conspiracies. She contends that no reasonable jury could have found a unitary conspiracy on the facts presented.

"The standard of review for whether there is a material variance between the allegations in the indictment and the facts established at trial is twofold: First, whether a material variance did occur, and, second, whether the defendant suffered substantial prejudice as a result." United States v. Chastain, 198 F.3d 1338, 1349 (11th Cir. 1999). However, Wright did not present this multi-conspiracy argument below and, therefore, it is reviewed only for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id.

Having reviewed the record, we find that there was sufficient evidence for the jury to conclude that there was a single conspiracy. Accordingly, we find no error, much less plain error.

With reference to her sentence, Wright argues that the district court clearly erred in assessing a three-level aggravating-role enhancement because she did not manage or supervise anyone or any part of the criminal activity involved. She argues that her role in the offense was only that of a broker.

A defendant's role in the offense is a factual determination that we review for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Testimony at trial demonstrated that Wright's actions could be construed as directing the division of cocaine among various dealers, recruiting accomplices, participating in planning and organizing and directing the actions of Randall Randolph's involvement in the conspiracy. An aggravating role enhancement does not require that a defendant act as a manager or supervisor of the entire conspiracy, or even large portions of it, only that she act as the manager or supervisor of at least one person. U.S.S.G. § 4B1.1, comment. (n.2). Based on the testimony before the court, we cannot say that the district court erred in applying this aggravating role enhancement.

Wright also argues that the district court clearly erred in determining the drug quantity for which she was responsible. Wright lodges various challenges to four different quantities of cocaine for which she was held accountable, arguing that she was only responsible for 47 kilograms of cocaine, rather than 76 kilograms

which the district court attributed to her. Six of the kilograms attributed to her were based on the testimony of Nakeesha Lawton. Wright concedes that she was responsible 3 of these 6 kilograms, contesting the attribution of the other 3 kilograms because Lawton only testified about the delivery of three kilograms. We cannot say that the district clearly erred in holding Wright responsible for six kilograms based on Lawton's testimony. As Wright concedes, the first three of these kilograms are based on a kilogram of cocaine that Lawton observed Lee delivering to Wright and two kilograms that Lawton personally delivered to Wright, on behalf of Lee. In addition, Lawton testified that she was supposed to deliver two kilograms of cocaine to Wright on the day that Lawton and Lee were arrested and that on several prior occasions, Lee indicated that he was on his way to take kilogram quantities of cocaine to Wright. As the government observes, a defendant can be held responsible for drugs that she had agreed to purchase, even if the purchase was not completed. See U.S.S.G. section 2D1.1, comment. (n.12). Therefore, the district court did not clearly err in finding Wright responsible for the 6 kilograms of cocaine based on Lawton's testimony.

These additional 3 kilograms, when combined with the 47 conceded by Wright, are sufficient to support the sentence imposed because they place Wright at the offense level and guidelines range used by the district court. A defendant is

assigned a base offense level of 36 where she was responsible for at least 50, but less than 150, kilograms of cocaine. U.S.S.G. section 2D1.1(c)(2). The district court applied this base offense level to Wright, holding her responsible for 76 kilograms of cocaine. The additional 3 kilograms, when combined with the 47 Wright concedes, would place Wright in the offense level where the district court sentenced her, regardless of the other 26 contested kilograms.

**AFFIRMED.**