[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12176
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00122-WS-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD LEE WATTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 31, 2015)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Richard Watts appeals his 24-month sentence imposed after he pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). On appeal, Defendant argues that his sentence is procedurally unreasonable because the district court relied on clearly erroneous facts to support its decision to run his federal sentence consecutive to an undischarged state sentence. After careful review, we affirm.

## I. BACKGROUND

In 2014, law enforcement officers received information that Defendant was in possession of stolen firearms. Officers traveled to Defendant's home, and he consented to a search of the residence. Officers found ammunition, but did not find any firearms. After receiving additional information the next day, officers returned to Defendant's residence and located three firearms and ammunition.

A federal grand jury subsequently issued an indictment, charging Defendant with being a felon in possession of ammunition, in violation of § 922(g)(1). Defendant later pleaded guilty without the benefit of a plea agreement.

According to the presentence investigation report ("PSR"), in 2012, Defendant pled guilty to receiving stolen property in state court and received a 15-year suspended sentence and 3 years' probation. However, due to Defendant's involvement in the present offense, the State of Alabama therefore revoked his probation in 2014 and sentenced him to 15 years' imprisonment.

2

At his sentencing in the present case, Defendant urged the district court to consider this 15-year state sentence in deciding the appropriate sentence for the federal offense. Specifically, because it was the federal offense that caused his probation to be revoked, Defendant requested that the district court direct that any federal sentence run concurrently with the state sentence.

The district court stated that there was no reason for the federal sentence to run concurrent to the state sentence because the state conviction predated the instant federal offense and the two convictions were not related. The district court then went on to say:

> I will tell you that it's my understanding and experience that the State of Alabama is looking to release their inmates into Federal custody. So probably what's going to happen to you is you're going to get paroled into Federal custody as soon as they find out you've been sentenced in Federal Court, which will work to your benefit, get you out of a State institution into a Federal institution. So I'm going to order that the sentence run consecutive just because there's no reason to run it concurrent at this time.

Ultimately, the district court sentenced Defendant to 24 months' imprisonment, which was at the low end of the guideline range, to run consecutive to his state sentence.

## II. DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for an abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 764 (2014). We first look to whether the

3

district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors,[1] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* Then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances. *Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

When a defendant raises a sentencing argument on appeal that was not raised before the district court, including a challenge to the procedural reasonableness of his sentence, we review for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under plain error review, we will reverse where there is "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and . . . (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013) (quotations and alteration omitted).

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

"[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," the district court may impose the sentences to run concurrently or consecutively. 18 U.S.C. § 3584(a). The district court must consider the § 3553(a) factors when determining whether the sentences should run concurrently or consecutively. *Id.* § 3584(b). The Sentencing Guidelines further provide that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d). If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the Guidelines recommend that the sentence for the instant offense run *consecutively* to the sentence imposed for the revocation. *Id.* § 5G1.3, comment. (n.4(C)) (emphasis added).

On appeal, Defendant only challenges the procedural reasonableness of his sentence. Specifically, he argues that the district court procedurally erred in imposing a consecutive sentence because it relied on clearly erroneous facts, namely that Defendant's state and federal convictions were not related and that the State of Alabama would "probably" parole Defendant into federal custody upon learning of his federal sentence. Because Defendant did not challenge the

5

procedural reasonableness of his sentence before the district court, we review his arguments on appeal for plain error. *See Vandergrift*, 754 F.3d at 1307.

The district court did not plainly err in imposing a 24-month sentence to run consecutively to Defendant's undischarged state sentence. In determining whether to run Defendant's sentence consecutively or concurrently, the district court considered the § 3553(a) factors and noted that it was imposing a consecutive sentence because Defendant's state conviction predated his federal offense and the two convictions were not related. *See* 18 U.S.C. § 3584(a), (b).

Contrary to Defendant's contentions on appeal, the district court did not rely on clearly erroneous facts. The evidence in the record showed that the present federal offense for being a felon in possession of ammunition was not related to Defendant's 2012 conviction for receiving stolen property. In fact, Defendant explicitly stated at the sentencing hearing that the convictions were not related. While Defendant is correct that the federal offense caused his state probation to be revoked, this does not mean the convictions are related, as Defendant's 2012 conviction did not serve as a basis for an increase in his offense level or qualify as relevant conduct for his federal offense. *See* U.S.S.G. § 5G1.3(b) (providing for a concurrent sentence where an undischarged term of imprisonment is for an offense that is relevant conduct to the instant offense). Notably, the Guidelines recommend the imposition of a consecutive sentence in situations such as this case,

where the defendant was on state probation at the time of the instant offense and has since had that probation revoked. *Id.* § 5G1.3, comment. (n.4(C)).

We are also not persuaded that Defendant's sentence is procedurally unreasonable because of the district court's statement that the State of Alabama would "probably" parole Defendant. First, the record does not show that the district court actually made a finding regarding whether the state would parole Defendant. But in any event, there is no indication that the district court relied on this statement in deciding to impose a consecutive sentence. *See United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002) (noting that plain error review generally requires that the error "affected the outcome of the proceedings"); *cf. United States v. Slaton*, 801 F.3d 1308, 1320 (11th Cir. 2015) (indicating that district court's reliance on a clearly erroneous fact may have affected the decision to grant a downward variance). Indeed, the district court explained that it was imposing a consecutive sentence before it made this statement. Therefore, the district court did not err, much less plainly err, by ordering Defendant's sentence to run consecutive to his undischarged state sentence.

For all of these reasons, Defendant has not shown that his 24-month sentence is procedurally unreasonable, and we affirm.

**AFFIRMED.**