[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10293
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00101-LMM-JSA-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT F. DIXON, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 18, 2017)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Robert Dixon appeals his below-Guidelines sentence of 34 months' imprisonment for wire fraud, conspiracy to commit wire fraud, and falsely using Social Security numbers with the intent to deceive.  Mr. Dixon contends that his sentence is procedurally unreasonable because the district court based it on a clearly erroneous understanding of the record.  Following a review of the record and the parties' briefs, we affirm.

# I

After the district court announced the sentence, Mr. Dixon's trial counsel lodged "an objection for the record . . . on substantive reasonableness."  D.E. 89 at 24.  Because Mr. Dixon failed to object specifically to his sentence's procedural reasonableness, *see* Br. of Appellant at 11 (admitting that "counsel did not specifically make a procedural unreasonableness objection"), we review his appeal for plain error.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (reviewing for plain error when defendant fails to object to procedural reasonableness).  *See also United States v. Gallo-Chamorro*, 48 F.3d 502, 507 (11th Cir. 1995) ("an objection on other grounds will not suffice").

To establish plain error, Mr. Dixon must show that "(1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or

2

public reputation of the judicial proceedings." *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002).

## II

Mr. Dixon argues that the district court committed a "significant procedural error" by "selecting a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). According to the presentence report, which the district court adopted, Mr. Dixon and his codefendants made up 1,400 Social Security numbers to obtain credit cards and defraud a bank. Thirty of those, apparently unbeknown to them, corresponded to real people.

In his colloquy, Mr. Dixon said his crime was victimless. The district court, responding to his comment, described his offense in the following manner:

> Now, I do not agree with what you said that this was a victimless crime. Because even though this isn't a violent crime, people have their identity stolen. Some of these numbers were maybe made up, but a lot of these numbers attach themselves to real people. And real people have problems with you having done this. You have a company that is victimized because they lost money. . . . [T]here is a victim here, and that's something that I think it's important for you to understand.

D.E. 89 at 18. Mr. Dixon contends that this was a clearly erroneous characterization of his offense. We disagree.

3

The district court's statement is supported by the record. Reflecting on Mr. Dixon's contention that his crime was victimless, the court correctly pointed out that there was at least one victim, and possibly several. That victim, as identified by the district court, was the "company that . . . lost . . . money [to Mr. Dixon and his codefendants]." *Id.* at 18. This was a direct reference to the bank Mr. Dixon defrauded.

No one, not even Mr. Dixon, seriously disputes that the bank was, in the district court's own words, "victimized." *Id.* Instead, Mr. Dixon's challenge is really about the district court's comments concerning the thirty individuals whose Social Security numbers he used to defraud the bank.

Mr. Dixon first argues that the district court erred by stating that those people "have problems with [his crime]." D.E. 89 at 18. He seems to think they had no quarrel with his crime because, as he reads the presentence report, they failed to identify "any problems" when contacted by law enforcement. *See* Br. of Appellant at 11.

This is a misinterpretation of both the district court's statement and the presentence report. According to the presentence report, when contacted by law enforcement, those thirty individuals "failed to indicate they suffered a financial loss." Pre-Sentence Report at 7. Failing to identify a financial loss is different than having no problem with Mr. Dixon's actions, which is all the district court

4

said.  It also does not mean that those people were not victims in some other sense of the word.  *See, e.g.*, 2 Shorter Oxford English Dictionary 3533 (5th ed. 2002) (defining "victim" as "a person subjected to . . . unfair treatment").

Mr. Dixon's second argument concerns the district court's use of the modifiers "some" and "lot" when describing the amount of Social Security numbers corresponding to real people.  He says the district court overemphasized the number of real people that were harmed.  *See* Br. of Appellant at 10–11 (arguing that 1,370 out of 1,400 numbers cannot be characterized as "some").

Mr. Dixon reads too much into the words "some" and "lot."  Those modifiers simply refer to an unspecified number of things or people.  *See* 1 Shorter Oxford English Dictionary 1638–39 (5th ed. 2002); 2 Shorter Oxford English Dictionary 2919 (5th ed. 2002).  And that is how the district court used them.  In any event, failing to use the most precise language possible does not constitute plain error when, as here, nothing in the record demonstrates that the district court otherwise failed to comprehend the full factual context or nature of Mr. Dixon's crime.

## III

The district court statements Mr. Dixon challenges do not show that the district court erroneously relied on facts not in the record, or that the court failed to

understand the circumstances of the offense.  We therefore find no plain error and affirm Mr. Dixon's sentence.

**AFFIRMED.**