[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15213
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20739-DMM-4


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROSENDO LOUIS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 25, 2019)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Rosendo Louis appeals the district court's revocation of his supervised release. He argues the district court violated his due process rights by admitting hearsay evidence without first determining its reliability. After careful review, we affirm.

## I.

In October 2011, Louis was charged, in relevant part, with conspiracy to possess with intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii), (iii), 846. Louis pled guilty to the charge. In June 2012, the district court sentenced him to a 57-month term of imprisonment with four years of supervised release. Louis's conditions of supervised release were, among other things, that he: (1) could not commit another federal, state, or local crime; (2) could not associate with any person engaging in criminal activity; and (3) must notify his probation officer, within ten days, of any change in employment.

Louis's supervised release began on October 16, 2014. On July 27, 2018, Louis's probation officer filed a "Petition for Warrant or Summons" in district court, alleging Louis violated the terms of his supervised release. The probation officer stated Louis was arrested on July 18, 2018 for trafficking 14 grams or more, but less than 28 grams, of methamphetamines in violation of Fla. Stat. § 893.135(1)(f)(1)(a); trafficking 28 grams or more, but less than 200 grams, of

2

methamphetamines in violation of Fla. Stat. § 893.135(1)(f)(b); and possessing marijuana with the intent to sell in violation of Fla. Stat. § 893.13(1)(a)(2).  The probation officer also said Louis associated with a person engaged in criminal activity and failed to inform her that he was fired from his job.  The district court suspended Louis's supervised release pending a hearing.

Louis appeared before the district court for his revocation hearing.  At the hearing, the government called Officer Gee Bethancourt, a member of the special enforcement team that arrested Louis.  Officer Bethancourt testified that Louis's arrest occurred during a traffic stop.  Louis was the passenger in the automobile.  The officers used a  K-9 unit to sniff outside of the vehicle.  Because the K-9 unit alerted to potential narcotics, law enforcement searched the vehicle and found methamphetamines and cocaine.

On cross examination, Officer Bethancourt revealed he was not present during the traffic stop, did not witness the K-9 sniff, and did not take part in the search of the automobile.  He arrived over an hour after law enforcement completed the search, and his testimony was based solely on a report completed by another officer.  But Officer Bethancourt testified that he personally put the drugs obtained from the vehicle into evidence.  Louis objected to no portion of Officer Bethancourt's testimony.

3

The government also called Ryan Nougaret, an FBI agent.  Agent Nougaret testified to several communications between a confidential informant and Louis about trafficking cocaine.  Before Agent Nougaret testified, Louis objected on relevancy grounds, arguing that none of Agent Nougaret's communications with the confidential informant related to Louis's July 2018 arrest.  He said Agent Nougaret's testimony concerned communications that predated his arrest and were therefore "outside the scope of the violations alleged" by Louis's probation officer.  The district court informed Louis that it would wait until the close of Agent Nougaret's testimony to consider his objection.

After hearing Agent Nougaret's testimony, Louis renewed his objection.  He requested that Agent Nougaret's testimony "be stricken" because his testimony concerned incidents occurring before the July 18 traffic stop.  The district court responded that there was "a lot of hearsay" in Agent Nougaret's testimony, but "it seem[ed] like it would go to the issue of intent" under Federal Rule of Evidence 404(b).  Louis again reiterated that he didn't "see any relevance" in the communications with the confidential informant.  He also said Agent Nougaret's testimony was "just propensity evidence" and he couldn't "imagine a permissible 404(b) reason."  Louis did not raise a specific hearsay objection at this time.  The district court overruled Louis's objection to Agent Nougaret's testimony.

4

After the close of evidence, the district court found Louis trafficked methamphetamines and possessed marijuana with the intent to distribute as described in the Petition for Warrant or Summons.  Further, Louis conceded he associated with a person engaged in criminal activity and that he failed to inform his probation officer that he was fired from his job.  Because the district court found Louis violated the terms of his supervised release, it sentenced Louis to 36-months imprisonment.

After the district court imposed Louis's sentence, the district court asked whether Louis "object[ed] to the Court's findings of fact or the manner in which [the] sentence was pronounced."  Louis answered, stating "Our position is that the testimony did not meet the preponderance standard, that it was based almost entirely on hearsay and without the hearsay, through hearsay, [the government] wouldn't have been able to meet the burden at all."  This is Louis's timely appeal.

**II.**

We must first decide the standard of review.  Louis argues this Court should review his hearsay challenge under a harmless error standard because he raised a hearsay objection to the testimony of Officer Bethancourt and Agent Nougaret. The government says Louis failed to raise a contemporaneous challenge and, as a result, we should review the district court's evidentiary ruling for plain error.

5

For preserved challenges, we review the district court's evidentiary rulings for an abuse of discretion. United States v. Smith, 459 F.3d 1276, 1295 (11th Cir. 2006). Under this standard and if we find the district court made an erroneous evidentiary ruling, we assess whether the error was harmless. United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005). An error is harmless unless it substantially influences "the outcome of a case or [leaves] grave doubt as to whether [the error] affected the outcome of the case." Id. (quotation marks omitted).

But if a defendant fails to preserve his objection to an evidentiary ruling by contemporaneously objecting, "our review is only for plain error." United States v. Turner, 474 F.3d 1265, 1275 (11th Cir. 2007). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). "A plain error is an error that is obvious and is clear under current law." United States v. Lange, 862 F.3d 1290, 1296 (11th Cir. 2017) (quotation marks omitted). An error cannot be plain where no precedent from this Court or the Supreme Court has directly resolved the issue in the defendant's favor. See id.

6

Louis's hearsay objection was not made contemporaneous with Officer Bethancourt's testimony.  See United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007) (holding that an objection was not contemporaneous where the defendant "had ample opportunity to lodge [the] objection during the two direct examinations at issue but did not").  Louis made no objection to Officer Bethancourt's hearsay statements at the time he testified.  Louis did raise an objection when Agent Nougaret testified, but his objection went to relevance, not hearsay.  It was only after the district court sentenced Louis that he first raised a hearsay argument.

An evidentiary objection made after the district court rendered its decision is not contemporaneous under this Court's precedent.  See Turner, 474 F.3d at 1276; see also United States v. Margarita Garcia, 906 F.3d 1255, 1267 (11th Cir. 2018) (explaining that the contemporaneous objection rule "aims to provide the district court with an opportunity to prevent or correct error").  As a result, we must review the district court's admission of Officer Bethancourt's and Agent Nougaret's hearsay statements for plain error.  See United States v. Siddiqui, 235 F.3d 1318, 1322 (11th Cir. 2000) ("In the absence of a contemporaneous objection, hearsay claims are reviewed under the plain error doctrine.")

7

## III.

Louis argues the district court erred by failing to engage in the balancing test described in United States v. Frazier, 26 F.3d 110 (11th Cir. 1994). In Frazier, this Court held that "[a]lthough the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic." Id. at 114. Defendants in revocation proceedings "are entitled to certain minimal due process requirements," including "the right to confront and cross-examine adverse witnesses." Id. In deciding to admit hearsay evidence in revocation hearings, the district court must therefore "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." Id. The district court also must determine that the hearsay is reliable. Id.

The district court did not plainly err in admitting Officer Bethancourt's and Agent Nougaret's hearsay testimony without sua sponte conducting a Frazier inquiry. See Lange, 862 F.3d at 1296 (holding that for a plain error, there must be precedent from the Supreme Court or this Court directly solving the issue). In Frazier, this Court did not resolve the issue of whether a district court must conduct the balancing test hearsay testimony where no party requested it. See 26 F.3d at 114. Frazier addressed a defendant who raised a contemporaneous hearsay objection, and this Court held that the district court erred by entirely failing to

assess the reliability of the hearsay testimony and the government's cause for not producing the witness.  Id.  Frazier's decision did not address whether a district court is required to undertake the same analysis when a defendant fails to raise a contemporaneous hearsay objection, or when the district court recognizes a hearsay issue sua sponte.  Indeed, Louis concedes that "[n]either this Court nor the Supreme Court require a district court to conduct a sua sponte analysis under Frazier."  Because this Court's precedent does not expressly require a Frazier inquiry absent contemporaneous objection, the district court did not plainly err when it failed to do so.  See Lange, 862 F.3d at 1296.

    **AFFIRMED.**