[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14134

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KAWASI WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00317-ECM-SMD-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Kawasi Wilson appeals his convictions and sentences for possession of a firearm by a convicted felon and possession with intent to distribute cocaine. Wilson argues that the district court erred both in admitting evidence under Federal Rule of Evidence 404(b) and in conducting the sentencing hearing even though he had not received the Presentence Investigation Report (PSI) 35 days in advance. After careful review, we affirm the district court's rulings.

## I.

In October 2022, a federal grand jury indicted Wilson for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3).

Before Wilson's trial, the government filed a notice of intent to offer evidence of other "crimes, wrongs, or other acts" under Federal Rule of Evidence 404(b). The government sought to introduce evidence related to an August 9, 2022, traffic stop in Jefferson County, Alabama, that led to Wilson's arrest after he fled from officers and discarded cocaine by throwing it from his vehicle's

window.[1] The government asserted that these acts were relevant to prove "some combination" of Wilson's knowledge, motive, intent, and absence of mistake. Wilson moved to exclude the traffic stop evidence, arguing that it would result in unfair prejudice because it would lead the jury to conclude he must have committed the drug-related offenses charged, which were limited to his possession of cocaine in Elmore County, Alabama. The district court denied Wilson's motion in limine without prejudice and with leave to renew his objections at trial.

At trial, the government referenced the traffic stop multiple times in its opening statement. The government also called as a witness Drug Enforcement Administration (DEA) task force officer Lakenderick Edwards, who specialized in interstate criminal investigations. Officer Edwards testified that he was instructed to intercept Wilson, who was under surveillance by the DEA and was believed to be traveling through the area with large sums of narcotics. Officer Edwards pulled Wilson over after observing him driving too close to another vehicle. Wilson initially stopped but then fled in his vehicle for approximately two miles before he was pulled over again by additional law enforcement officers who were called to the scene. Officer Edwards testified that in his fifteen years of experience, when someone flees from a traffic stop for only a short

---

[1] The government also provided notice of its intent to offer Wilson's 2003 conviction for conspiracy to distribute and possess with intent to distribute cocaine, and Wilson moved to exclude it. As Wilson does not contest the district court's admission of this evidence on appeal, we consider that issue abandoned. *See United States v. Campbell*, 26 F.4th 860, 871–72 (11th Cir. 2022).

distance, they are usually trying to get rid of things inside the vehicle. A canine officer with the Jefferson County Sheriff's Office, who had been called to investigate the scene, also testified that his canine alerted to a plastic bag containing cocaine adjacent to the roadway. Wilson did not object to this testimony, nor any other evidence of the traffic stop, during trial. The jury found Wilson guilty on Counts 1 and 2 and not guilty on Count 3.

Before sentencing, a probation officer prepared a PSI, including calculations for offense level and criminal history. The statutory range of imprisonment for Count 1 was a minimum term of 15 years and a maximum term of life, and the statutory range of imprisonment for Count 2 was a minimum term of 10 years and a maximum term of life. The PSI grouped Counts 1 and 2 for guideline calculation purposes because both resulted in the same offense level.  *See* U.S.S.G. § 3D1.2(c). Wilson qualified as a career offender because of his two previous felony convictions. *Id.* § 4B1.1(a).  The career offender status produced a criminal history category of VI. *Id.* § 4B1.1(b). And because Count 2's statutory maximum is life, Wilson's offense level changed from the adjusted offense level subtotal of 30 to 37. *See* U.S.S.G. § 4B1.1(b)(1). Based on the offense level of 37 and the criminal history category of VI, the guideline imprisonment range was 360 months to life. Wilson objected to the PSI on several grounds but did not object to the career offender determination.

At the sentencing proceeding, the district court inquired whether Wilson and his counsel had at least 35 days to review the

23-14134          Opinion of the Court          5

PSI, pursuant to Federal Rule of Criminal Procedure 32(e)(2). Wilson's counsel received the PSI more than 35 days in advance of the hearing and mailed it to Wilson after submitting his objections. Wilson stated that he saw the PSI for the first time only the previous day. After further discussion, the district judge asked Wilson if he still wanted to proceed with sentencing. Wilson responded that, based on the date his counsel said he mailed it, it was not possible for him to have received the PSI 35 days before the hearing.

Wilson's counsel apologized to the court and his client for the mistake. But Wilson's counsel also explained that, because they were not objecting to Wilson's career offender status, his sentence would not change based on any additional objections, and they would not make any new objections, even with additional time. The district court confirmed that Wilson was not objecting to his status as a career offender and proceeded to impose a sentence of 360 months' imprisonment for Count 1 and 360 months' imprisonment for Count 2, to run concurrently, followed by a total 8-year term of supervised release. Wilson timely appealed.

II.

This court generally reviews a district court's evidentiary rulings for abuse of discretion. *United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011). However, when a district court does not definitively rule on a party's motion in limine, and the party does not renew its objection at trial, we can only review the admission of evidence for plain error. *See United States v. Wilson*, 788 F.3d 1298, 1313 (11th Cir. 2015). "Plain error occurs where (1) there is an

error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002).

Before the trial in this case, the district court denied Wilson's motion to exclude the traffic stop evidence without prejudice. At trial, the government referenced the traffic stop multiple times in its opening statement and presented evidence of the traffic stop in the form of testimony, photographs, and videos, all without objection by Wilson. We therefore review for plain error.

Wilson argues that the district court erred in admitting the traffic stop evidence under Federal Rules of Evidence 404(b) and 403 because it was not necessary to the government's case and was highly prejudicial. The government responds that the district court properly admitted the traffic stop evidence because it was intrinsic to the crimes charged. It also contends that the probative value of the traffic stop evidence was not substantially outweighed by unfair prejudice because, in a case about possession with intent to distribute narcotics, it showed that Wilson was in possession of narcotics and tried to dispose of evidence.

Evidence of other crimes or acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence may be admissible for other purposes. *Id.* 404(b)(2). However, Rule 404(b) does not apply to evidence of

uncharged conduct that is "intrinsic" to the charged offenses. *United States v. Ford*, 784 F.3d 1386, 1394 (11th Cir. 2015). "Evidence is intrinsic if [it] arose out of the same transaction or series of transactions as the charged offense, is necessary to complete the story of the crime, or is inextricably intertwined with the evidence regarding the charged offense." *United States v. Dixon*, 901 F.3d 1322, 1344–45 (11th Cir. 2018) (internal quotation marks omitted).

Here, the traffic stop evidence was intrinsic to Wilson's charged offenses. The traffic stop was necessary to complete the story of the crime because it occurred on the same day that Wilson committed the offenses at issue. The stop was inextricably intertwined with the evidence of the charged offense because it enabled officers to complete the affidavit they needed to obtain a search warrant for Wilson's residence. The execution of that warrant led to the discovery of the drugs and firearms that formed the bases of Wilson's charges. This intrinsic evidence falls outside of Rule 404(b)'s scope but is still subject to Rule 403. *See United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

Under Rule 403, the district court had the discretion to evaluate the circumstances surrounding the traffic stop evidence and weigh its probative value against its prejudicial effect. *See United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997). Relevant evidence is prejudicial by nature. *Edouard*, 485 F.3d at 1346. Only when "*unfair* prejudice substantially outweighs probative value" does Rule 403 permit exclusion. *Id.* (emphasis in original). As noted, the traffic stop evidence was part of the series of events that

culminated in Wilson's charges and was probative of his intent to possess and distribute controlled substances. Thus, the district court did not plainly err in admitting the traffic stop evidence.

### III.

Wilson also asserts that the district court erred by proceeding with the sentencing hearing when Wilson had not timely received the PSI. We have reviewed untimely disclosures of the PSI for harmless error. *See, e.g.*, *United States v. Willis*, 649 F.3d 1248, 1257 (11th Cir. 2011). For an error to be harmless, it must be clear beyond a reasonable doubt the error did not contribute to the sentence obtained. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

Federal Rule of Criminal Procedure 32(e)(2) requires that a probation officer give the PSI "to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing" unless the defendant waives this requirement. Wilson argues the district court erred by continuing with the sentencing proceeding once he informed the district judge that he had not seen the PSI until the day before. The government counters that any possible error was harmless because Wilson's counsel received the PSI at least 35 days before sentencing and further objections would not impact Wilson's guideline range.

Without deciding whether receipt of the PSI by Wilson's counsel before the 35-day mark satisfied Rule 32(e)(2), we agree with the government that any error was harmless. The guideline range for Wilson's sentence depended entirely on his career

offender status. Even as Wilson's counsel raised some objections to the PSI, he did not object to the career offender status and told the judge he "would not make any different objections if we had another 60 days to review [the PSI]." Doc. 89 at 13. And the district court noted that the resolution of each of Wilson's other objections ultimately had no impact on the guideline range due to the career offender status. Thus, any error caused by Wilson's late receipt of the PSI did not affect his sentence.

**AFFIRMED.**