**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12503

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ISMAEL CAMACHO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:96-cr-00443-JEM-6

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Ismael Camacho appeals his sentence of 535 months' imprisonment, which was imposed after one of his convictions, Count 8, was vacated. He argues that the fact that his recalculated offense

level was higher than it was prior to the vacatur of Count 8 gives rise to a presumption of vindictiveness on the part of the sentencing court, in violation of his due process rights. After careful review, we disagree and **AFFIRM** Camacho's sentence.

## I

We ordinarily "review constitutional challenges to a sentence de novo." *United States v. Bowers*, 811 F.3d 412, 430 (11th Cir. 2016) (citation modified). But "[w]hen a defendant fails to object to an error before the district court, we review the argument for plain error." *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). "To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (citation modified).

Thus, when a constitutional challenge to a sentence is raised for the first time on appeal, we review it for plain error. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002). The error must be "plain" at the time of appellate consideration. *United States v. Shelton*, 400 F.3d 1325, 1331 (11th Cir. 2005). A plain error affects a defendant's substantial rights if the defendant can "show a

24-12503                Opinion of the Court                3

reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Rosales-Mireles v. United States*, 585 U.S. 129, 134–35 (2018) (citation modified).

Here, Camacho did not object to the sentencing decision or its factual basis at his sentencing hearing. Quite the opposite—at Camacho's resentencing, his attorney stated that he "d[id] not have any objections to the PSR" and that "[t]he guidelines are correct." Tr. of Resentencing at 5, Dkt. No. 927. We accordingly review his sentence for plain error. *Henderson*, 409 F.3d at 11307.[1]

## II

To satisfy due process, "vindictiveness against a defendant for having successfully attacked his first conviction must play no

---

[1] The parties dispute the appropriate standard of review. Camacho contends that we should review his sentence de novo because he raises a due process claim. But as explained in text, the fact that Camacho did not object to his sentence means that we review it for only plain error. *See Henderson*, 409 F.3d at 1307. The government, for its part, does not clearly identify the standard we should apply. In the "Standards of Review" section of its brief, the government correctly observes that we review unpreserved due process claims for plain error. But later, in arguing that the district court did not err in applying five-level firearm enhancements, the government claims that the standard of review for that question "is either plain error or invited error," because Camacho "agreed that the guidelines range had been correctly calculated." Appellee's Br. at 28. Because we conclude that the district court did not err in reimposing a 535-month sentence, we do not need to decide whether Camacho invited any error in the court's Guidelines calculations, in which case we would forego review of the calculations entirely. *See United States v. Boone*, 97 F.4th 1331, 1339 (11th Cir. 2024) (discussing how the invited error doctrine precludes appellate review).

part in the sentence he receives after a new trial." *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), *overruled in part on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). This principle, first articulated in *Pearce*, has been refined through decades of Supreme Court and Eleventh Circuit caselaw.

Five years after *Pearce*, in *Blackledge v. Perry*, 417 U.S. 21 (1974), the Supreme Court held that a defendant "is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one." *Id.* at 28. The holdings in *Pearce* and *Blackledge* were later clarified in *United States v. Goodwin*, 457 U.S. 368 (1982), in which the Supreme Court noted that, "in certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to 'presume' an improper vindictive motive," but the Court emphasized that it had "done so only in cases in which a reasonable likelihood of vindictiveness exists." *Id.* at 373. Subsequently, in *Alabama v. Smith*, 490 U.S. 794 (1989), the Supreme Court held that *Pearce*'s holding applied only to "circumstances . . . in which there is a 'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Id.* at 799 (citation omitted). In circumstances "[w]here there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.*

In *United States v. Fowler*, 749 F.3d 1010 (11th Cir. 2014), we applied the Supreme Court's vindictiveness caselaw to the

24-12503                Opinion of the Court                5

reimposition of a sentence after a defendant successfully challenged one of his original counts. We observed that a multi-count sentence is "a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines and with the § 3553(a) factors." *Id.* at 1015 (citation modified). Thus, a "sentence package that has been unpackaged by a reversal is to be repackaged at resentencing using the guidelines and the § 3553(a) factors." *Id.* at 1016. Under this sentencing-package approach, "whether a defendant's sentence has become 'more severe' for purposes of invoking the *Pearce* rule should depend on whether his *total punishment* has increased upon resentencing, not whether his *punishment on a single surviving count* of conviction has increased." *Id.* at 1022 (emphasis added).

Applying this logic to the facts there, we concluded that the defendant's revised sentence—imposed after he successfully appealed his conviction on an underlying count—was not vindictive even though his sentence on the sole surviving count arguably leaped from ten years to life. *See id.* at 1013–15, 1023. What mattered to the vindictiveness inquiry was that his total aggregate sentence did not increase. *See id. at* 1023. Because his initial sentence of life plus ten years actually decreased to life imprisonment, no presumption of vindictiveness arose. *Id.*

Here, *Fowler*'s sentencing-package doctrine forecloses Camacho's argument that his sentence is presumptively vindictive. At his resentencing, the district court imposed a sentence of 535 months imprisonment—identical to his previous sentence.

Camacho contends that this sentence is an "increase[]" from his prior sentence. Appellant's Br. at 4. In making this claim, he highlights the fact that his total offense level rose from 35 to 38 because of the addition of certain firearm brandishing enhancements. Because of this, Camacho asserts, the recalculation of his offense level and Guidelines range "paradoxically increased the severity of his punishment." *Id.* at 9. But Camacho's conclusion—that his new sentence was more severe—does not follow from his premise—that his offense level rose. When we look at his *total* sentence, as we must under the sentencing-package doctrine, *see Fowler*, 749 F.3d at 1022, it's clear that his sentence did not increase. The district court merely reimposed the same 535-month sentence; it did not mete out a greater punishment. Accordingly, under *Fowler*, there is no presumption of vindictiveness.

In the absence of such a presumption, "the burden remains upon [Camacho] to prove actual vindictiveness." *Smith*, 490 U.S. at 799. Camacho, however, does not present any evidence that the court imposed the 535-month sentence as a means to punish him for exercising his right to challenge his conviction. To the contrary, the sentencing transcript reveals *non-vindictive* reasons for Camacho's above-Guidelines sentence. The district court highlighted the gruesome nature of Camacho's crimes—including the fact that he tortured victims with a blowtorch—and ultimately decided that a sentence above the Guidelines range was merited to "provide sufficient punishment and deterrence." Tr. of Resentencing at 19. These on-the-record statements provide a legitimate basis for the district court's reimposition of Camacho's sentence, and

Camacho has mustered no evidence that the court's decision was actually animated by vindictiveness.

Because Camacho has not established that his 535-month sentence was vindictive, he has failed to meet the first element of the plain-error test—namely, that the district court erred at all. *See Hall*, 314 F.3d at 566. We therefore **AFFIRM** his sentence.